# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRUCE CLEMENT PENNINGTON, JR., )
*et al.*, )
            Plaintiffs, )
)
vs. ) Case No. 17-1152-EFM-KGG
)
KANSAS UNIVERSITY MEDICAL )
CENTER RESEARCH INSTITUTE, *et al.*, )
)
            Defendants. )
)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION FOR APPOINTMENT OF COUNSEL and
## REPORT & RECOMMENDATION FOR DISMISSAL
## OF CERTAIN CLAIMS AND DEFENDANTS

In conjunction with his federal court Complaint (Doc. 1.), *pro se* Plaintiff Bruce Clement Pennington, Jr. has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed) with accompanying financial affidavit (Doc. 3-1, sealed) as well as a Motion to Appoint Counsel (Doc. 4, sealed).[1] The Court entered a "Notice of Deficiency" instructing Plaintiff that the Complaint and Motion to Appoint both included personal identifying information and needed to be redacted

---

[1] The Court notes that there are multiple Plaintiffs listed in the *pro se* Complaint filed by Mr. Pennington. (*See* Doc. 1, at 1-2.) Plaintiff cannot, however, bring a *pro se* case on behalf of other individuals. Any such potential Plaintiffs must be signatories to the Complaint. The Court will, therefore, treat the Complaint as filed on behalf of Plaintiff only.

immediately. (*See* June 26, 2017, text entry.) Thereafter, Plaintiff filed a revised Motion to Appoint Counsel (Doc. 8). Having reviewed Plaintiff's motions, as well as his Complaint, the Court **GRANTS** *IFP* application and **DENIES** Plaintiff's request for counsel. The Court does, however, **RECOMMEND** that Plaintiffs' claims against certain Defendants be dismissed as well as certain causes of action be dismissed for failure to state a viable federal cause of action.

I.  **Factual Allegations.**

Plaintiff's lengthy, hand-written Complaint generally alleges that he and other Plaintiffs were abducted and subjected to forced (unconsented) surgery during which "various medical tellemetric [sic] and neurologil [sic] prosthetic devices" were implanted in them along with

> cochlear electrodes from brain mapping and stimulation, electrodes for prolonged monitoring of laryngeal electromyographic signals from the trachea, vocal cords and tongue, conductive wires and ink, electrode plates, implanted activa pulse generator's activa system [sic], deep brain stimulator ventral tagmental [sic] area targeted electrode, and a form of remote accessible micro patient programmer.

(*See generally* Doc. 1 and at pg. 17-18.) The causes of action alleged by Plaintiff include aggravated kidnapping, aggravated robbery, torture, violations of the Electronic Communications Privacy Act, theft of intellectual property, a violation of the right to equality, and a violation of religious rights. (*Id*., at 25-28.)

Plaintiff brings his claims against the Kansas University Medical Research Initiative and at least 22 doctors and other individuals associated with KUMRI. Additional Defendants include at least three other doctors as well as "Medtronic Public Limited Company," Wesley Hospital, and Via Christi Medical Center.

The crux of Plaintiff's allegations is that he was kidnapped by men in surgical scrubs and firefighter uniforms and forced to submit to unwanted surgery during which electronic surveillance devices were implanted in him for a nefarious purpose, theoretically motivated by revenge for money he was accused of owing one of the non-KUMRI affiliated doctors. Somehow, according to Plaintiff, his angering this doctor is related to "studies" being conducted by Defendant KUMRI in conjunction with Defendant Medtronic. These alleged "series of research studies" include

> the Medtronic Bio Initiative, the Obama Brain Initiative, Christian Lechner's Rewiring the Adictive [sic] Brain Using Deep Brain Stimulation, Remote Bio Tellemitry [sic] and Brain Mapping and several similar studies involving manipulation and altering of the human mind using frequency based and milla amp [sic] stimulation of the human brain.

(*Id.*, at 15.) Plaintiff contends these "chronic research studies" are being "practiced and taught by the Defendants on unwilling and many times unaware victims, including the Plaintiffs." (*Id.*, at 15-16.)

## II.     Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff, who is incarcerated, indicates he is 40 years old and married with one dependant child for whom he cannot provide monthly financial assistance while he is incarcerated. (Doc. 3-1, sealed, at 1-2.) He does, however, owe a significant amount of past child support. (*Id*., at 5.) He is currently unemployed during his incarceration. (*Id*., at 2.) He does not own

4

an automobile or real property. (*Id*., at 3-4.)

Plaintiff lists no cash on hand. (*Id*., at 4.) The only income he indicates is a small amount of welfare payments. (*Id*.) He has not filed for bankruptcy. (*Id*. at 6.)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**III. Motion for Appointment of Counsel.**

Plaintiff has also filed motions requesting the appointment of counsel. (Docs. 4, 8.) The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel. The second *Castner* factor is Plaintiff's diligence in searching for counsel. Plaintiff's handwritten motion indicates that he has contacted five attorneys requesting representation. The Court finds that this is sufficient to establish his diligence in this regard.

The next *Castner* factor is the merits of Plaintiff's case. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. For the reasons set forth in Section IV, *infra*, the Court has serious concerns regarding the viability of Plaintiff's claims. The Court, however, finds that he has plead sufficient facts for two of his causes of action to survive as to several of the Defendants he has named.

The appointment of counsel will, therefore, turn on the Court's analysis of the final *Castner* factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to

gather and present crucial facts. *Id.*, at 1422.  The Court finds that the factual and legal issues in this case are not unusually complex.  *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").  Further, Plaintiff has drafted his federal court Complaint with an abundance of detail as well as citations to certain relevant federal statutes.

As such, the Court cannot see a basis to distinguished Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although he is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  Plaintiff's request for counsel is, therefore, **DENIED**.

## IV.  Sufficiency of Complaint.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests.  28 U.S.C. §1915(e)(2).  Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be

granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[2] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at

---

[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.

 A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level."  **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. At 1965).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiffs have named a long list of Defendants in this action. (*See* Doc. 1, at 1-2.) At least 22 of the listed Defendants are not, however, mentioned anywhere in the factual allegations or in the context of the legal assertions contained in Plaintiffs' Complaint – Dr. Barbara Atkinson, Dr. Gerald Carlson, Dr. Bruno Hagenbuch, Dr. Steven Stites, Dr. Hartmut Jaeschke, Dr. Cody Tully, Robert Klein, Alan Rawitch, Douglas Girod, Anthony F. Rupp, Tara S. Eberline, Dr. Jeffrey S. Vitter, Dr. Steven S. Warren, Dr. Joseph A. Heppert, Helen Renaud,

Julia Cui, Ivan Csnasky, Jerry Jie Liou, Edugie Ekuase, Donna Gieger, Dr. Curtis Klaassen, and Dr. Caroll (first name unknown). Thus, the Court is unable to glean any viable cause of action against these Defendants arising out of the allegations stated by Plaintiff. The Court **recommends** that the District Court **dismiss** these 22 Defendants from this case.

The only reference to Defendants Dr. Bernadette Gray-Little, Dr. Gregory Kopf, and Dr. Paul Tarranova is that they are Chancellor/Associate Vice Chancellor/Vice Chancellor of the Kansas University Medical Center Research Center. (*See* Doc. 1, at 7-8.) The Court **recommends** that the District Court **dismiss** the claims brought against these Defendants in their individual capacities.

Plaintiff also refers in the body of his Complaint to Dr. Tony Wilbeck and Dr. Willson (first name unknown). (*See* Doc. 1, at 10-11, 13, 16, and 29.) While these individuals are *referred* to as Defendants, Plaintiff has failed to properly named them as Defendants in his Complaint. (*See id.*, at 2-4.) Out of an abundance of caution, the Court **recommends** that the District Court **dismiss** Dr. Wilbeck and Dr. Willson as Defendants in this case.

In addition, Plaintiff contends that Dr. Bryant (first name unknown) and "other Via Christi St. Francis employees have aided in this malpractice by accepting cash payment for Medical/Radiological services and then provided

11

falsified and tampered with results to Plaintiff's doctors . . . ." (*Id*., at 16-17.) Plaintiff does not, however, bring a cause of action for malpractice in his Complaint. (*See id*., at 28.) Thus, there are no stated causes of action in Plaintiff's Complaint with which these Defendants are associated. The Court **recommends** that the District Court **dismiss** Dr. Bryant and Via Christi St. Francis Medical Center as Defendants in this case.

This leaves the following Defendants: Dr. Bruce Albright, the Kansas University Medical Center Research Institute, Inc., Medtronic Public Limited Company, and Wesley Hospital. Plaintiff brings the following causes of action against these remaining Defendants: 1) aggravated assault, 2) aggravated kidnapping (a.k.a. false imprisonment as a civil cause of action), 3) aggravated robbery (a.k.a. conversion as a civil cause of action), 4) torture (a.k.a. assault as a civil cause of action), 5) violation of the Electronic Communications Privacy Act, 6) theft of intellectual property, 7) violation of right to equality, and 8) violation of religious rights.

Plaintiff's first cause of action is for assault while the fourth is for "torture." A civil cause of action for "torture" would be considered a claim for assault. Thus, these causes of action are synonymous. Plaintiff's second cause of action is for kidnapping (which, as a civil cause of action, is known as false imprisonment).

The allegations contained in Plaintiff's Complaint are alleged to have occurred in 2015. (*See generally*, *id*.) Pursuant to K.S.A. § 60–514(b), civil actions for assault and battery as well as for false imprisonment must be initiated within one year of the date of the incident giving rise to the action. The Court **recommends** that the District Court **dismiss** Plaintiff's claims for assault, "torture," and "kidnapping" as time barred.

The third cause of action is for "aggravated robbery," which as a civil cause of action would constitute a combination of assault, which is discussed above, and the tort of conversion. As to this claim, Plaintiff contends that "Defendants and authorized agents of the defendants committed robbery displaying and using hypodermic needs with clear drug or liquid to incapacitate the plaintiffs." (Doc. 1, at 25.) The factual allegations contained in the Complaint do not, however, link any of the Defendants to the alleged robbery. Plaintiff merely contends that after his abduction, the and his family members "awoke at the family home" and various items including electronics, cash, credit cards, and information regarding his customers/business were missing. (*Id*., at 13-14.) There are no factual allegations contained in the Complaint specifically linking any of the Defendants to the theft of this property. The Court thus **recommends** that the District Court **dismiss** the cause of action for aggravated robbery against the remaining named Defendants.

13

Plaintiff also brings a claim for theft of intellectual property. This claim contends that "[b]rain waves are thoughts and a form of intellectual property." (Doc. 1, at 27.) The phrase "intellectual property" is generally understood as a broad term that encompasses various types of creations of the mind, not the mind itself. ***Purac America Inc. v. Birko Corp.***, No. 14-1669-RBJ, 2015 WL 1598065, at *3 (D. Colo. April 8, 2015) (citing *China: Intellectual Prop. Infringement, Indigenous Innovation Policies, & Frameworks for Measuring the Effects on the U.S. Econ.*, U.S. Int'l Trade Comm'n Inv. No. 332–514 (Nov.2010) (citing World Intellectual Property Organization definition). For instance, an invention such as a tool or a machine, which is created using the inventor's mind, can be considered intellectual property. The actual brain waves created during the invention process are not, however, intellectual property. The Court thus **recommends** that the District Court **dismiss** the cause of action for theft of intellectual property against the remaining named Defendants.

Plaintiff also brings a cause of action for violation of his religious rights. (Doc. 1, at 28.) As to this cause of action, Plaintiff contends that Defendants' actions constituted "terroristic chronic research broadcast blasfemy [sic] and the presence of these implants violates the Plaintiffs religious beliefs." (*Id*.) While Plaintiff's Complaint contains an abundance of factual allegations, the allegations

do not state a claim upon which relief may be granted regarding Plaintiff's "religious rights."

As stated above, for purposes of this Order, the Court liberally construes the allegations in Plaintiff's Complaint. Plaintiff's factual allegations fail to allege "sufficient facts to state a claim" for violations if his religious rights "which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Twombly***, 127 S.Ct. at 1974). In determining whether a claim is "plausible," the Court must

> look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to 'set forth a prima facie case for each element.' ***Khalik v. United Air Lines***, 671 F.3d 1188, 1192–93 (10th Cir. 2012). *See also* ***Kan. Penn Gaming, LLC v. Collins***, 656 F.3d 1210, 1215 (10th Cir. 2011) (noting that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context'). Rather, a claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' ***Hogan* [*v. Winder*]**, 762 F.3d [1096,] 1104 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

The allegations contained in Plaintiff's Complaint do not state a claim for a violation of religious rights to which a defendant could be reasonably expected to respond, or which could form a basis for relief from this Court. Simply stated, the

Court cannot draw a reasonable inference that Defendants are liable for the misconduct alleged. As such, the Court finds Plaintiff's cause of action for violations of his religious rights to be frivolous. The undersigned Magistrate Judge thus **recommends** that the District Court **dismiss** Plaintiff's cause of action for violations of his religious rights (*see* Doc. 1, at 28).

The Court next turns to Plaintiff's claim for violations of the Electronic Communications Privacy Act ("E.C.P.A."), 18 U.S.C.A. §2520. That federal statute provides in relevant part for civil recovery for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . . ." *Id.* Liberally construing the allegations contained in Plaintiff's Complaint, *Jackson*, 952 F.2d at 1261, and accepting as true all well-plead facts, *Smith v. U.S.*, 561 F.3d 1090, 1103-04 (10th Cir. 2009), the Court finds that Plaintiff arguably has sufficiently plead this cause of action to survive a pre-filing recommendation of dismissal. In other words, the Court merely finds that this claim is facially plausible because Plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hogan*, 762 F.3d at 1104 (citation omitted). The Court is not, however, making any findings as to the viability of this cause of action or the veracity of the related factual allegations. "This is not to say that the factual

allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged." ***Bryson v. Gonzales***, 534 F.3d 1282, 1286 (10th Cir.2008).

The same is true as to Plaintiff's cause of action for a violation of Plaintiff's right to equality. The Court will liberally construe this as a claim for a deprivation of rights pursuant to 42 U.S.C.A. §1983. As to this claim, the Court also finds that Plaintiff arguably has sufficiently plead this cause of action to survive a pre-filing recommendation of dismissal. Again, the Court is not making any findings as to the viability of this cause of action or the veracity of the related factual allegations.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Docs. 4 and 8) are **DENIED**.

**IT IS RECOMMENDED** to the District Court that Defendants Barbara Atkinson, Dr. Gerald Carlson, Dr. Bruno Hagenbuch, Dr. Steven Stites, Dr. Hartmut Jaeschke, Dr. Cody Tully, Robert Klein, Alan Rawitch, Douglas Girod, Anthony F. Rupp, Tara S. Eberline, Dr. Jeffrey S. Vitter, Dr. Steven S. Warren, Dr. Joseph A. Heppert, Helen Renaud, Julia Cui, Ivan Csnasky, Jerry Jie Liou, Edugie Ekuase, Donna Gieger, Dr. Curtis Klaassen, Dr. Caroll (first name unknown), Dr.

Bryant (first name unknown), and the Via Christi St. Francis Medical Center be **dismissed** as Defendants in this action.

**IT IS FURTHER RECOMMENDED** to the District Court that any claims potentially brought against Dr. Tony Wilbeck and Dr. Willson (first name unknown), who were not properly identified as Defendants in the Complaint, be **dismissed**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's claims against Dr. Bernadette Gray-Little, Dr. Gregory Kopf, and Dr. Paul Tarranova in their individual capacities be **dismissed**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's causes of action for assault, "kidnapping," "robbery," "torture," theft of intellectual property, and violation of religious rights be **dismissed** as to all Defendants.

**IT IS THUS RECOMMENDED** to the District Court that Plaintiff's remaining causes of action are for violation of the E.C.P.A. and violation of the "right to equality" while only the following Defendants remain in this lawsuit: Dr. Albright, Dr. Bernadette Gray-Little (in her official capacity), Dr. Gregory Kopf (in his official capacity), Dr. Paul Tarranova (in his official capacity), the Kansas University Medical Center Research Institute, Medtronic Public Limited Company,

and Wesley Hospital.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiffs *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiffs shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, their written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiffs' failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 31st day of July, 2017.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge